**Electronically Filed
Intermediate Court of Appeals
28943
25-JAN-2011
12:26 PM**

NO. 28943

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ESTHER J. BUSCHER, Plaintiff-Appelle,
v.
DUANE S. BONING; COMMERCE INSURANCE CO.; AVIS
RENT-A-CAR SYSTEM, INC.; CRAWFORD & CO.; STATE
OF HAWAII; JOHN DOES 1-5; JANE DOES 1-5; DOE
CORPORATIONS 1-5; ROE NON-PROFIT CORPORATIONS 1-5;
AND ROE GOVERNMENTAL ENTITIES 1-5,
Defendants/Third-Party Plaintiffs-Appellees,
and
STANFORD H. MASUI,
Third-Party Defendant-Appellee,
and
TAKAHASHI VASCONCELLOS & COVERT,
Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 99-0220K)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Fujise, JJ.)

Appellant Takahashi Vasconcellos & Covert (the Firm)
appeals from the following orders of the Circuit Court of the
Third Circuit[1] (circuit court):

(1) October 17, 2007 "Order Denying Takahashi
Vasconcellos & Covert's Motion for Leave to Intervene";

----

[1] The Honorable Ronald Ibarra presided.

(2) December 7, 2007 "Order Denying Takahashi Vasconcellos & Covert's Motion for Reconsideration on Order Denying Takahashi Vasconcellos & Covert's Motion for Leave to Intervene"; and

(3) December 18, 2007 "Order Denying Takahashi Vasconcellos & Covert's Motion to Amend the Order on Costs Filed June 1, 2005 and to Enforce Attorney's Lien Filed October 4, 2007."

This appeal concerns a dispute between the Firm and Third-Party Defendant-Appellee Stanford H. Masui (Masui), who previously maintained a law practice with members of the Firm and who continues to represent Plaintiff-Appellee Esther J. Buscher (Buscher), regarding costs advanced on Buscher's behalf.

Defendants/Third-Party Plaintiffs-Appellees Duane S. Boning; Commerce Insurance Co.; Avis Rent-a-Car System, Inc.; Crawford & Co. (collectively, Defendants) assert that their only interest in this case is a clear directive as to whom an award of costs ordered by the Hawai'i Supreme Court in Buscher v. Boning, 114 Hawai'i 202, 159 P.3d 814 (2007), should be paid.

The State of Hawai'i is a nominal appellee as defined in Hawai'i Rules of Appellate Procedure (HRAP) Rule 2.1 and, pursuant to HRAP Rule 28(c), did not provide a brief.

On appeal, the Firm contends the circuit court erred (1) in finding that the Firm's September 14, 2007 Motion for Leave to Intervene (Motion to Intervene) was untimely, (2) in finding that the Firm's Motion to Intervene pursued recovery costs not the subject of the action, (3) by denying the Firm permissive intervention under Hawai'i Rules of Civil Procedure (HRCP) Rule 24(b); and (4) in finding the Firm lacked standing by denying the Firm's October 18, 2007 "Motion to Amend the Order on Costs Filed June 1, 2005 and to Enforce Attorneys' Lien Filed October 4, 2007" (Motion to Amend Costs).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to

the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude the Firm's appeal is without merit.

Motions to intervene are governed by HRCP Rule 24, which provides in relevant part:

> **(a)** **Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
>
> **(b)** **Permissive Intervention.** Upon timely application anyone may be permitted to intervene in an action . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

The Firm argued below that intervention should have been allowed under either subsection (a) or (b).

To determine whether a proposed intervenor has a right to intervene under Rule 24(a), the court considers:

> a) whether the application was timely; b) whether the applicants claimed an interest relating to the property or transaction which was the subject of the action; c) whether the disposition of the action would, as a practical matter, impair or impede the applicants' ability to protect that interest; and d) whether the applicants' interest was inadequately represented by the existing defendants.

Baehr v. Miike, 80 Hawaiʻi 341, 343, 910 P.2d 112, 114 (1996) (brackets omitted) (quoting Ing v. Acceptance Ins. Co., 76 Hawaiʻi 266, 271, 874 P.2d 1091, 1096 (1994)). "Because the requirements of intervention by right are stated in the conjunctive it is necessary for Applicants to meet all four criteria set forth in Ing. Failure to meet even one prevents intervention 'by right' under HRCP Rule 24(a)(2)." Baehr, 80 Hawaiʻi at 345, 910 P.2d at 116.

The Firm's first point of error is that the circuit court abused its discretion when it found that the Motion to Intervene was untimely. In evaluating the timeliness of a motion

to intervene, the court must consider "the totality of circumstances, but especially relevant is: (1) the lapse of time between when [the proposed intervenor] should have sought intervention and when it actually did; and (2) the prejudice caused to the [parties] by the lapse of time." Ing, 76 Hawai'i at 271, 874 P.2d at 1096. "Since the requirement of timeliness is a flexible one, much must necessarily be left to the sound discretion of the court." Blackfield Hawaii Corp. v. Travelodge Int'l, Inc., 3 Haw. App. 61, 63, 641 P.2d 981, 983 (1982) (quoting 7A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1916 at 572 (1972)). Without explaining the circumstances it considered, the circuit court concluded that the motion was untimely.

The Firm argues that the motion was timely because it was filed within two months after the Firm learned of the Hawai'i Supreme Court decision and after it was "on notice [that] no party in the case would protect its interest in obtaining and enforcing an amended bill of costs." The Firm relies on Sierra Club v. Espy, 18 F.3d 1202, 1206 (5th Cir. 1994), in which the United States Court of Appeals for the Fifth Circuit stated that "[a] better gauge of promptness is the speed with which the would-be intervenor acted when it became aware that its interests would no longer be protected by the original parties."

Hawai'i law, however, provides that "the relevant date is not when the proposed intervenor had actual knowledge of its interests in the action; rather, the relevant date is when the proposed intervenor knew or reasonably should have known of its interest in the action." Garner v. State Dep't of Educ., 122 Hawai'i 150, 166-67, 223 P.3d 215, 231-32 (App. 2009) (internal quotation marks, citation, and emphasis omitted).

The Firm could have known that its interest in any future recovery by Buscher would be impaired when Masui left the practice in December 2005 and certainly should have known no later than May 1, 2006, when the Firm was formally replaced by

Masui as counsel for Buscher.  We can infer that the circuit court concluded as much from its reference to Carroll v. Miyashiro, 50 Haw. 413, 441 P.2d 638 (1968).  In Carroll, the Hawaiʻi Supreme Court held that the substitution of an attorney "should be conditioned upon immediate reimbursement by plaintiff to [the discharged attorney] of the latter's advance of court costs and protection of [the discharged attorney] in the payment of his fee" in the form of a charging lien upon the plaintiff's recovery.  Id. at 414, 441 P.2d at 639.

The Firm moved to intervene almost 16 months after the Firm withdrew and Masui substituted in as counsel.  In Blackfield Hawaii, 3 Haw. App. at 62-63, 641 P.2d at 982-83, this court found that a motion to intervene was untimely where its filing was delayed approximately 16 months.  Therefore, the circuit court did not abuse its discretion in finding that the Firm's Motion to Intervene was untimely.  Because the Firm failed to prove its Motion to Intervene was timely, the circuit court was not required to allow intervention under HRCP Rule 24(a).  See Baehr, 80 Hawaiʻi at 345, 910 P.2d at 116.

Furthermore, the Firm was not prejudiced by the denial of the Motion to Intervene.  The Wisconsin Court of Appeals in Olivarez v. Unitrin Prop. & Cas. Ins. Co., 723 N.W.2d 131 (Wis. Ct. App. 2006), examined the issue of prejudice to a law firm moving to intervene in a former client's case.  The law firm, which had employed the plaintiff's attorney when he began representing the former client, moved to intervene so as to enforce an attorney's lien shortly before the court was to enter judgment dismissing the case pursuant to a settlement.  723 N.W.2d at 134.  The trial court rejected the law firm's intervention, reasoning that

> if a party seeking intervention will be left with the right
> to pursue an independent remedy against the parties in the
> primary proceeding, regardless of the outcome of the pending
> case, then the party has no interest that needs protecting
> by intervention of right.  It is only where the interest is
> in the same subject matter that the effect of other remedies
> is immaterial to intervention.

5

Id. at 140 (quoting 59 Am. Jur. 2d Parties § 185 (2002)). The court stated that because the former law firm had a right to pursue "an independent remedy," it did not have an "interest that needs protecting by intervention of right." Olivarez, 723 N.W.2d at 140.

In the instant case, the Firm was not prejudiced by the denial of intervention because it could have pursued another remedy -- a separate action against Buscher. Bacerra v. MacMillan, 111 Hawai'i 117, 120, 138 P.3d 749, 752 (2006), clearly stands for the proposition that an entity that holds a lien on a judgment can enforce that lien through an independent action. See also Skelton v. Spencer, 625 P.2d 1072, 1076 (Idaho 1981). An independent action would have also served to speed up the resolution of the case between Buscher and Defendants, by not involving the circuit court in the attorneys' dispute over the amount of costs that the Firm was entitled to recoup (if any) under its purported lien.

The Firm argues that if intervention as of right was not appropriate, then the circuit court had discretion under HRCP Rule 24(b) to permit intervention and erred in not doing so. However, "the trial court's discretion under Rule 24(b)(2) is very broad." Baehr, 80 Hawai'i at 345, 910 P.2d at 116 (internal quotation marks, citation, and brackets omitted). "In fact, a denial of permissive intervention has virtually never been reversed." Id. (internal quotation marks and citation omitted). The Firm fails to present a compelling argument for how the circuit court abused its discretion in denying the motion to intervene.

Timeliness is required to grant permissive intervention, as it is for a grant of intervention of right. See 7C Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure: Civil 3d § 1916 (2007). As noted above, the circuit court found the Firm's request to intervene untimely, a finding we will not disturb on appeal. The circuit

6

court could not grant permissive intervention where the request to intervene was untimely. We will not reverse its decision.

The Firm conceded in the December 4, 2007 hearing on its Motion to Amend Costs that if the Firm was not allowed to intervene, it would not be a party to the action and therefore lack standing. Given that the circuit court's refusal to allow the Firm to intervene was not erroneous, the Firm was rightly denied party status and therefore lacked standing to bring a motion before the circuit court. See Bacerra, 111 Hawai'i at 120, 138 P.3d at 752. Accordingly, the circuit court did not err in denying the Firm's Motion to Amend Costs.

Therefore,

The circuit court's denial of the Firm's motion to intervene and subsequent motions were not an abuse of discretion. Therefore, the "Order Denying Takahashi Vasconcellos & Covert's Motion for Leave to Intervene," filed on October 17, 2007; the "Order Denying Takahashi Vasconcellos & Covert's Motion for Reconsideration on Order Denying Takahashi Vasconcellos & Covert's Motion for Leave to Intervene," filed on December 7, 2007; and the "Order Denying Takahashi Vasconcellos & Covert's Motion to Amend the Order on Costs Filed June 1, 2005 and to Enforce Attorney's Lien Filed October 4, 2007," filed on December 18, 2007, are affirmed.

DATED: Honolulu, Hawai'i, January 25, 2011.

On the briefs:

Herbert R. Takahashi
Danny J. Vasconcellos
Rebecca L. Covert
(Takahashi Vasconcellos & Covert)
for Appellant.

John H. Price
Amanda J. Weston
for Defendants-Appellees
Duane S. Boning; Commerce
Insurance Co.; and Avis
Rent-A Car System, Inc.

Craig H. Nakamura
Chief Judge

Associate Judge

Associate Judge

7

Stanford H. Masui
Wendy L. Campaniano
(Masui & Campaniano)
for Appellee Esther J. Buscher.